STEVEN C. BAILEY(CA SBN 146382)
BAILEY & ROMERO
680 Placerville Drive, Ste. A1
Placerville, CA 95667
(530) 212-3407
Steven@stevencbailey.org

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATE OF AMERICA, Plaintiff, vs. RONALD MELE, Defendant | Case No.: 1:21-cr-00392 -RCL-6 **DEFENDANT MELE'S AMENDED MOTION FOR APPOINTMENT OF COUNSEL UNDER THE CRIMINAL JUSTICE ACT** |

**DEFENDANT MELE'S MOTION FOR APPOINTMENT OF CJA COUNSEL**

TO THE HONORABLE ROYCE LAMBERTH, U.S. DISTRICT JUDGE FOR THE DISTRICT OF COLUMBIA:

Mr. Ronald Mele, through his attorney, Steven C. Bailey, respectfully requests that this Honorable Court have his current attorney appointed by the Court to represent him pursuant to the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A. In support of the motion, Mr. Mele shows as follows:

1. Undersigned counsel was hired by Mr. Mele in mid-June 2021, to represent him in the above-mentioned matter. Since that time, Mr. Mele was fired from his well-paying job as a salesman. Mr. Mele has had multiple issues related to this since this case was brought against him and is happy to submit an affidavit under seal if the Court requests same. Mr. Mele also has

legal fees related to this outside of his criminal case.

2. Furthermore, Mr. Mele, along with multiple other defendants from this case and several other criminal cases filed in this District Court, was sued civilly in Federal District Court in the District of Columbia in *Smith, et. al. v. Donald Trump*, et. al., 21 CV 2265(APM)(filed August 26, 2021). The *Smith* case was brought by the Lawyers' Committee for Civil Rights Under Law, a not-for profit partially funded by the Open Society Foundations which is founded by George Soros. The original complaint was 71 pages, however, an amended complaint was filed on December 3, 2021 and the complaint is now 79 pages. Mr. Mele has also had to hire Mr. Bailey as his attorney of record in order to represent him in the civil case brought against him.

3. Although this case progressed at a normal rate in the beginning, as far as criminal discovery is concerned, however, during the months of September, October, November, and February, the United States ramped up discovery went into overdrive and has produced tens, if not hundreds of thousands of pages of discovery in this case. *See* ECF No. 81 and 124. With regard to only these defendants in this case, there have been nine discovery productions by the United States, most being produced in the months of September and October. Moreover, the United States has even documented the amount of evidence in this case is voluminous, with not only the hundreds of thousands of pages in discovery, but also the tens of thousands of electronic files that have also been produced by the United States, where this case has only been open for a year and eight months.

4. As the Court can imagine, Mr. Mele has exhausted the funds he has allocated and saved in order to pay for this case, where he can no longer pay undersigned counsel.

5. As Mr. Mele previously stated in his sealed declaration attached to his Motion

for Permission to Relocate, he was effectively fired from his job within days of the indictment, and although he was able to find new employment during the post-indictment time period, through a job that pays barely above minimum wage rendering Mr. Mele underemployed. Moreover, Mr. Mele's relocation has again placed him back on the job market. Therefore, the minimum wage job has not and will not provide Mr. Mele with the extra funds that he needs to pay for undersigned counsel. Mr. Mele is now without savings, and without a way to pay for undersigned counsel.

6. Mr. Mele specifically requests the appointment of his current attorney, rather than appointment of new counsel. Undersigned counsel has represented Mr. Mele for nearly a year and eight months, essentially through the entirety of this case, plus undersigned counsel is thoroughly and intimately familiar with the case.

7. Furthermore, with the actual trial on the horizon, and several motion hearings being set in this case for which undersigned counsel must appear for, it is imperative that undersigned counsel remain on the case.

8. Defending this case, organizing and going through the discovery, preparing for hearings, and filing motions etc. in this case has and will continue to be a monumental task. Undersigned counsel's associate attorney consulted with counsel (Kira West) for co-defendant (Mr. Warner) before filing this motion. A financial affidavit has been executed by Mr. Mele and emailed to Ms. Jenkins, the courtroom deputy.

Therefore, Mr. Mele respectfully requests that undersigned counsel be appointed under the CJA Act to represent him in this case. The continuity of counsel would best serve Mr. Mele. Undersigned counsel has spent an inordinate amount of time in the case and is at this time in the best position to continue representing Mr. Mele in this case.

Respectfully submitted,

Dated: February 26, 2023

By: */s/ Steven C. Bailey*
Steven C. Bailey
Attorney for the Defendant
RONALD MELE

**CERTIFICATE OF SERVICE**

I, Steven C. Bailey, hereby certify that on February 9, 2023, I caused a copy of this Motion for Appointment of Counsel Under the Criminal Justice Act to be delivered to the parties of record by filing it electronically.

*/s/ Steven C. Bailey*
Steven C. Bailey

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATE OF AMERICA,<br>Plaintiff,<br>vs.<br>RONALD MELE,<br>Defendant | Case No.: 1:21-cr-00392-RCL-6<br><br>ORDER GRANTING APPOINTMENT OF COUNSEL UNDER THE CRIMINAL JUSTICE ACT (PROPOSED) |

**ORDER GRANTING APPOINMENT OF CJA COUNSEL (PROPOSED)**

Before the court is Defendant, Ronald Mele's amended motion [ ] to appoint his counsel, Mr. Steven C. Bailey, as his counsel under the Criminal Justice Act ("CJA"). In June 2021, Defendant retained Mr. Bailey as his counsel to represent him in this criminal case. Mr. Mele was terminated from his employment and is at this point underemployed with his current employment and contends that he no longer can pay Mr. Bailey. Defendant provided a financial affidavit in support of his request, which the court will file under seal. Upon Consideration of defendant's motion, it is hereby

**ORDERED** that Steven C. Bailey is appointed as counsel for defendant under the CJA, to be effective representation from this date forward. Pursuant to 18 U.S.C.§ 3006A(c) & (f), at the conclusion of this case the Court will determine whether Defendant has funds available to pay for part or all of the representation, and if so, the amount of such funds the Defendant shall pay towards the representation.

**IT IS SO ORDERED.**

Date: ______________

______________________________
Royce C. Lamberth
United States District Judge