UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> ERIK SCOTT WARNER <br> FELIPE ANTONIO MARTINEZ <br> DEREK KINNISON, and <br> RONALD MELE <br><br> *Defendants*. | Case No. 1:21-cr-392-RCL |

### MEMORANDUM ORDER

The Court's Pretrial Scheduling Order, entered May 11, 2023, required the defendants to file any motions to sever, motions to suppress, or motions to dismiss by June 9, 2023. ECF No. 208. The defendants thereafter filed substantive motions, ECF Nos. 223, 224, 225, 226, 227, 230, 231, 234, 246, and 247, as well as motions to join and adopt their co-defendants' motions, ECF Nos. 222, 232, 233, 235, 264, 265, 267, and 269, several of which this Court has already granted, ECF Nos. 222, 232, 233, and 235. The remaining motions filed pursuant to the Court's Pretrial Scheduling Order are still outstanding. There are also several outstanding motions the predate the Court's Pretrial Scheduling Order.

Defendant Erik Scott Warner has eight outstanding motions: Motion to Sever Co-Defendant Alan Hostetter, ECF No. 165; Motion to Vacate Motions Deadline, ECF No. 185; Motion to Dismiss Count 2, joined by Felipe Antonio Martinez and Derek Kinnison, ECF No. 223; Motion to Dismiss Counts 5 & 6, joined by Mr. Martinez and Mr. Kinnison, ECF No. 224; Motion for Bill of Particulars on Count 8, joined by Mr. Kinnison, ECF No. 225;[1] Motion to Preserve

---

[1] Mr. Martinez joined the motion but is not charged with violating 18 U.S.C. § 1512(c)(1).

1

Rough Notes of Agents, joined by Mr. Martinez and Mr. Kinnison, ECF No. 226; Motion to Suppress Statements and Evidence, ECF No. 227; and Motion to Join Ronald Mele's Replies, ECF Nos. 267 and 269. Defendant Derek Kinnison has two outstanding motions: Motion to Transfer Venue, joined by Mr. Warner and Mr. Martinez, ECF No. 172; and Motion to Join Mr. Warner's Motion to Sever, ECF No. 173. Defendant Ronald Mele has four outstanding motions: Motion to Dismiss Counts 1 & 2, ECF Nos. 230 and 246; Motion to Dismiss Counts 5 & 6, ECF Nos. 231 and 247; [2] Motion to Join Mr. Warner's Motion to Dismiss Count 2, ECF No. 264; and Motion to Join Mr. Warner's Motion to Dismiss Counts 5 & 6, ECF No. 265. Defendant Felipe Antonio Martinez has not filed any motions although he has joined several of his co-defendants' motions.

The Court held a motion hearing on July 20, 2023, where the Court received evidence and heard witness testimony relating only to Mr. Warner's Motion to Suppress. Minute Entry (July 20, 2023). During the hearing, the Court asked defense counsel whether they intended to argue their other motions. Defense counsel confirmed that they were resting on their written submissions and would not argue the other motions. The Court continued the motion hearing to a date to be determined so that it could hear from an additional witness. All remaining outstanding motions are now ripe for review.

Upon consideration of the defendants' motions, the government's oppositions, the defendants' replies (where submitted), the applicable law, and the whole record, the Court rules on the defendants' outstanding motions as follows:

Erik Scott Warner

Motion to Sever (ECF No. 165): **DENIED AS MOOT**

Motion to Vacate (ECF No. 185): **DENIED AS MOOT**

---

[2] Mr. Mele filed both his Motion to Dismiss Counts 1 & 2 and his Motion to Dismiss Counts 5 & 6, twice.

Motion to Dismiss Count 2 (ECF No. 223): **DENIED**

Motion to Dismiss Counts 5 & 6 (ECF No. 224): **DENIED**

Motion for Bill of Particulars on Count 8 (ECF No. 225): **DENIED**

Motion to Preserve Rough Notes of Agents (ECF No. 226): **DENIED**

Motion to Join Mr. Mele's Replies (ECF Nos. 267 and 269): **GRANTED**

<u>Derek Kinnison</u>

Motion to Transfer Venue (ECF No. 172): **DENIED**

Motion to Join Mr. Warner's Motion to Sever (ECF No. 173): **DENIED AS MOOT**

<u>Ronald Mele</u>

Motion to Dismiss Counts 1 & 2 (ECF Nos. 230 and 246): **DENIED**

Motion to Dismiss Counts 5 & 6 (ECF Nos. 231 and 247): **DENIED**

Motion to Join Mr. Warner's Motion to Dismiss (ECF No. 264): **GRANTED**

Motion to Join Mr. Warner's Motion to Dismiss (ECF No. 265): **GRANTED**

The Court's reasoning is described below. Several of the motions were joined by co-defendants. The Court's rulings and rationales apply to each co-defendant who joined the motion regardless of whether they joined the motion prior to the issuance of this Order or joined the motion pursuant to this Order.

## I. MOTIONS FILED BY ERIK SCOTT WARNER

The Court decides seven of Mr. Warner's eight outstanding motions: Motion to Sever Co-Defendant Alan Hostetter, ECF No. 165; Motion to Vacate Motions Deadline, ECF No. 185; Motion to Dismiss Count 2, joined by Mr. Martinez and Mr. Kinnison, ECF No. 223; Motion to Dismiss Counts 5 & 6, joined by Mr. Martinez and Mr. Kinnison, ECF No. 224; Motion for Bill of Particulars on Count 8, joined by Mr. Kinnison, ECF No. 225; Motion to Preserve Rough Notes

of Agents, joined by Mr. Martinez and Mr. Kinnison, ECF No. 226; and Motion to Join Mr. Mele's Replies, ECF Nos. 267 and 269. The government filed oppositions to the Motion to Dismiss Count 2, Motion to Dismiss Counts 5 & 6, Motion for Bill of Particulars on Count 8, and the Motion to Preserve Rough Notes of Agents. ECF Nos. 249, 250, 251, 252, and 253. Mr. Warner did not file replies to these oppositions.

### A. Motion to Sever

Mr. Warner's motion to sever co-defendant Mr. Hostetter, ECF No. 165, is **DENIED AS MOOT**. The Court granted Mr. Hostetter's motion to sever on April 26, 2023. Minute Entry (April 26, 2023). There is no remaining relief that the Court can grant to Mr. Warner and the Court concludes that the motion is moot.

### B. Motion to Vacate Motions Deadline

Mr. Warner's motion to vacate the motions deadline upon severing co-defendant Mr. Hostetter, ECF No. 185, is **DENIED AS MOOT**. The Court vacated the then-existing motions deadline when it severed Mr. Hostetter on April 26, 2023. Minute Entry (April 26, 2023). The Court adopted a new scheduling order on May 11, 2023. ECF No. 208. There is no remaining relief that the Court can grant to Mr. Warner and the Court concludes that the motion is moot.

### C. Motion to Dismiss Count 2

Mr. Warner's motion to dismiss count 2, ECF No. 223, is **DENIED**. Mr. Warner argues that the Court should dismiss count 2, obstruction of an official proceeding in violation of 18 U.S.C. § 1512(c)(2), because the Electoral College Certification before Congress does not constitute an "official proceeding" under 18 U.S.C. § 1512(c)(2). The D.C. Circuit addressed this issue in *United States v. Fischer*. 64 F.4th 329, 342 (D.C. Cir. 2023). Mr. Warner does not attempt

4

to distinguish *Fischer*, even though it is binding precedent on this Court and disposes of Mr. Warner's motion.

The Electoral College certification is an "official proceeding" within the meaning of 18 U.S.C. §1512(c)(2). *Id.* The statutory definition of "official proceeding" under Section 1512(c)(2) includes a "proceeding before the Congress." 18 U.S.C. § 1515(a)(1)(B). Like Mr. Warner, the appellees in *Fischer* advocated a narrow reading of "proceeding" limited to hearings involving investigations and evidence. *Fischer*, 64 F.4th at 343. The D.C. Circuit found this definition inapt to the task of interpreting the meaning of a "proceeding *before the Congress*." *Id.* (quoting 18 U.S.C. § 1515(a)(1)(B) (emphasis added)). The D.C. Circuit noted that Congress follows statutory directives to complete the certification of the Electoral College vote. *Id.* Those detailed directives evince Congress's intent that the vote certification shall be a "proceeding before the Congress." *Id.* (quoting 18 U.S.C. § 1515(a)(1)(B)).

**D. Motion to Dismiss Counts 5 & 6**

Mr. Warner's motion to dismiss counts 5 & 6, ECF No. 224, is **DENIED**. Mr. Warner argues that the Court should dismiss count 5, entering or remaining in a restricted building or grounds in violation of 18 U.S.C. § 1752(a)(1), and count 6, disorderly or disruptive conduct in a restricted building or grounds in violation of 18 U.S.C. § 1752(a)(2). Mr. Warner makes four arguments. His first argument is that under Section 1752, the U.S. Secret Service, not the Capitol Police, must designate the "restricted area." His second argument is that Section 1752 is unconstitutionally vague. His third argument is that the Court should apply the rule of lenity and the novel construction rule to reject the government's interpretation of Section 1752. His fourth argument is that the Capitol Police allowed protests in the restricted area on January 6 and Mr.

5

Warner did not have notice the area was restricted because the barriers on the west side of the Capitol were breached before Mr. Warner arrived.

First, as this Court has previously held, nothing in the text of Section 1752 indicates that the Secret Service is the only agency that can designate a restricted area. *United States v. Bingert*, 605 F. Supp. 3d 111, 131 (D.D.C. 2022). Mr. Warner's contrary interpretation fashions a "bizarre requirement, seemingly out of thin air." *Id.* The Court stands by its analysis in *Bingert*, which is supported by both the plain meaning of the text and statutory history. *Id.* at 131–32. Every Judge on this Court to consider the question agrees that Section 1752 unambiguously does not limit the power to designate a restricted area to the Secret Service. *E.g.*, *United States v. Griffin*, 549 F. Supp. 3d 49, 54–57 (D.D.C. 2021). Because Section 1752 is unambiguous, Mr. Warner's vagueness, rule of lenity, novel construction, and ex post facto arguments fail. *Id.* at 57–58.

Second, Section 1752 is not unconstitutionally vague because its text is not susceptible of multiple meanings such that it fails to put ordinary people on fair notice of the conduct it punishes. *E.g.*, *United States v. Bozell*, No. 21-cr-216 (JDB), 2022 WL 474144, at *9 (D.D.C. Feb. 16, 2022). And there are no fuzzy boundary standard issues here because the indictment charges Mr. Warner with being "*in*" a restricted building and grounds and engaging in disorderly and disruptive conduct "*in* and within such proximity to" such grounds. ECF No. 211 at 18–19; *United States v. Nordean*, 579 F. Supp. 3d 28, 60 n.16 (D.D.C. 2021). Again, because the statute is unambiguous, the rule of lenity does not apply, and the mere fact that this statute has rarely been charged does not transform it into an ex post facto law. *United States v. Grider*, 617 F. Supp. 3d 42, 54 (D.D.C. 2022). There is no prevailing historical practice of courts rejecting the interpretation that the government now advances and therefore no basis for finding that the statute has been judicially enlarged such that it operates like an ex post facto law. *Griffin*, 549 F. Supp. 3d at 58.

Third, Mr. Warner's fact-specific arguments that he lacked notice that the Capitol Grounds were restricted, and that the Capitol Police lifted the restricted area for anyone seeking to protest, do not justify dismissal. ECF No. 224 at 22–26. These are factual arguments that Mr. Warner is free to raise at trial. But the Court can neither resolve these contested factual issues at the motion to dismiss stage nor grant the motion to dismiss based on these contested facts. *United States v. Baez*, No. 21-cr-507 (PLF), 2023 WL 3846169, at *6 (D.D.C. June 2, 2023); *see also United States v. Safavian*, 429 F. Supp. 2d 156, 161 n.2 (D.C. Cir. 2006); *United States v. Andries*, No. 21-cr-93 (RC), 2022 WL 768684, at *8 (D.D.C. Mar. 14, 2022); *United States v. Pope*, 613 F.3d 1255, 1259 (10th Cir. 2010) (Gorsuch, J.).

### E. Motion for Bill of Particulars on Count 8

Mr. Warner's motion for a bill of particulars on count 8, ECF No. 225, is **DENIED**. Mr. Warner argues that the Court should order the government to provide him with a bill of particulars for count 8 of the indictment, which charges him with tampering with documents or proceedings in violation of 18 U.S.C. § 1512(c)(1). The indictment alleges that Mr. Warner deleted a Telegram chat. Mr. Warner claims that he cannot defend against the charge based on the information contained in the indictment.

A bill of particulars is not required because the indictment describes the conduct constituting count 8 with sufficient specificity. *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987). The indictment provides a six week timeframe during which the conduct allegedly occurred; it states that the object allegedly altered was Mr. Warner's cellphone; it identifies the material that Mr. Warner allegedly erased as the DC Brigade Telegram chat; it describes the DC Brigade Telegram chat in detail; and it provides other information sufficient to avoid surprise to Mr. Warner and to enable him to prepare a defense. ECF No. 211 at ¶¶ 38–46, 53–54, 58, 86–87.

Additionally, a bill of particulars is not required because Mr. Warner has access to the deleted chat via the materials produced to him in discovery and the government already provided Mr. Warner with a presentation overviewing the discovery pertinent to count 8. ECF No. 251 at 3–4 (Government's Opposition to Mr. Warner's Motion for Bill of Particulars on Count 8).

### F. Motion to Preserve Rough Notes

Mr. Warner's motion to preserve rough notes of investigating officers, ECF No. 226, is **DENIED**. Mr. Warner asks the Court to enter an order requiring all law enforcement officers connected to the investigation of this case to preserve their related notes, memoranda, emails, and other writings. Mr. Warner requests this relief so the Court can determine whether the disclosure of these notes is required under *Brady* or the Jencks Act.

The government represents that it is aware of its obligations under *Brady* and the Jencks Act. ECF No. 250 at 1 (Government's Opposition to Mr. Warner's Motion to Preserve Rough Notes of Agents). The government has stated that it intends to fulfill its obligations. *Id.* Mr. Warner does not contend that the government has failed to comply with its *Brady* obligations or any discovery requests. *See* ECF No. 226. Under Local Criminal Rule 16.1, the Court may not consider a "discovery motion . . . unless [the motion] states that defense counsel has previously requested . . . the information sought from the attorney for the United States and that such attorney has not complied with the request." LCrR 16.1. Absent an allegation by Mr. Warner that the United States has failed to comply with a request for information, the motion is denied.

### G. Motion to Join Mr. Mele's Replies

Mr. Warner's motion to join the replies submitted by Mr. Mele in support of his motions to dismiss, ECF Nos. 267 and 269, is **GRANTED**. It is hereby **ORDERED** that Mr. Warner joins and adopts Mr. Mele's replies, ECF Nos. 262 and 263.

## II.   MOTIONS FILED BY DEREK KINNISON

The Court decides both of Mr. Kinnison's outstanding motions: Motion to Transfer Venue, joined by Mr. Warner and Mr. Martinez, ECF No. 172; and Motion to Join Mr. Warner's Motion to Sever, ECF No. 173. The government filed an opposition to the Motion to Transfer Venue. ECF No. 181. Mr. Kinnison did not file a reply.

### A. Motion to Transfer Venue

Mr. Kinnison's motion to transfer venue, ECF No. 172, is **DENIED** for the reasons stated in Judge Howell's opinion denying substantially the same motion in *United States v. Herrera*, 21-cr-619 (BAH), Memorandum & Order, ECF No. 54 (D.D.C. Aug. 4, 2022), and Judge Howell's opinion in *United States v. Oliveras*, No. 21-cr-738 (BAH), 2023 WL 196679 (D.D.C. Jan. 17, 2023).

Mr. Kinnison argues that venue in D.C. is improper because the venue community is so hostile that there is a presumption of juror prejudice under *Skilling v. United States*. 561 U.S. 358 (2010). There are three factors the Court must consider under *Skilling*: (1) the size and characteristics of the jury pool; (2) the type of information included in media coverage; and (3) the time period between the arrest and trial, as it relates to attenuation of media coverage. *Id.* at 378–83. On the first factor, Mr. Kinnison argues that too many D.C. residents are "closely connected to the government" because they work for the federal government or law enforcement groups or know someone who does; federal employees were uniquely affected by the attack on the Capitol; D.C. residents were "deeply traumatized" by the Capitol riot and its aftermath; and voting patterns—overwhelming support for President Biden during the 2020 election—indicate D.C. residents are incapable of fairness. ECF No. 172 at 4–8. On the second factor, Mr. Kinnison argues that media reporting on January 6 within D.C. has been "charged and inflammatory" and "so

9

substantial that it would be surprising to identify any potential jurors who have not been exposed to the coverage." *Id.* at 8–13. On the third factor, Mr. Kinnison argues that not enough time has elapsed since January 6 to mitigate prejudice stemming from media reporting. *Id.* at 13–14.

Every Judge on this Court who has ruled on a motion for a transfer of venue in connection with a January 6 case has denied the motion. *See, e.g.*, *United States v. Chwiesiuk*, No. 21-cr-536 (CKK), 2023 WL 2562517 (D.D.C. Mar. 17, 2023) (Kollar-Kotelly, J); *United States v. GossJankowski*, No. 21-cv-123 (PLF), 2023 WL 395985 (D.D.C. Jan. 25, 2023) (Friedman, J.); *United States v. Ballenger*, No. 21-cr-719 (JEB), 2022 WL 16533872 (D.D.C. Oct. 28, 2022) (Boasberg, C.J.); *United States v. Nassif*, No. 21-cr-421 (JDB), 2022 WL 4130841, at *8–11 (D.D.C. Sept. 12, 2022) (Bates, J.);. *United States v. Garcia*, No. 21-cr-129 (ABJ), 2022 WL 2904352 (D.D.C. July 22, 2022) (Berman Jackson, J.); *United States v. Rhodes*, No. 22-cr-15 (APM), 2022 WL 2315554 (D.D.C. June 28, 2022) (Mehta, J.); *United States v. Bochene,* No. 21-cr-418 (RDM), 2022 WL 123893 (D.D.C. Jan. 12, 2022) (Moss, J.). These decisions are well-reasoned and persuasive, yet Mr. Kinnison failed to distinguish or discuss any of them. *See* ECF No. 172. The Court is persuaded by these decisions, and consistent with their reasoning, finds that Mr. Kinnison has failed to establish "extraordinary local prejudice" under the three-factor *Skilling* test. *Skilling*, 561 U.S. at 378. Nor do his arguments justify transfer under Federal Rule of Criminal Procedure 21(a). *Oliveras*, 2023 WL 196679, at *1.

Mr. Kinnison's arguments under the first *Skilling* factor fail because by Mr. Kinnison's logic, no district is satisfactory. *See id*. The effort to disrupt the 2020 election was significant to the entire American polity and not just federal employees residing in the District of Columbia. *Herrera*, 21-cr-619, ECF No. 54 at 2. Indeed, residents of the Central District of California are just as likely to be biased because of their investment in American political institutions as residents of

the District of Columbia. *Id*. Although D.C. residents were undoubtably deeply affected by the events of January 6, courts have declined to transfer venue in cases involving far more visceral local effects such as the Boston Marathon Bombing prosecution. *Oliveras*, 2023 WL 196679, at *3 (citing *In re Tsarnaev*, 780 F.3d 14, 16 (1st Cir. 2015)). The D.C. Circuit has already rejected the argument that D.C. residents are incapable of fairness in highly political-charged criminal prosecutions on account of their voting patterns. *Id.* (citing *United States v. Haldeman*, 559 F.2d 31, 64 n. 43 (D.C. Cir. 1976) (en banc)).

Mr. Kinnison's arguments under the second factor fail because the mere existence of extensive and hostile media coverage is not sufficient to presume prejudice. *Id.* at *2. Moreover, Mr. Kinnison's motion concedes that January 6 coverage has been national in nature, which means any juror drawn from any district has been exposed to the same nationwide news coverage and is therefore susceptible to the same risk of bias. ECF No. 172 at 10. Nor does Mr. Kinnison allege that he has been the subject of local or national publicity or that jurors would recognize him from January 6 coverage. *See* ECF No. 172.

Mr. Kinnison's arguments under the third factor fail because in the two years since January 6, D.C. residents have resumed their daily lives and the National Mall has returned to its normal role in the social fabric of D.C. *Oliveras*, 2023 WL 196679, at *3. Two and a half years have elapsed since January 6; that amount of time is sufficient to attenuate any prejudice arising from local publicity. *Id.* (citing *Tsarnaev,* 780 F.3d at 22).

### B. Motion to Join Mr. Warner's Motion to Sever

Mr. Kinnison's motion to join Mr. Warner's motion to sever co-defendant Mr. Hostetter, ECF No. 173, is **DENIED AS MOOT**. The Court granted Mr. Hostetter's motion to sever on

April 26, 2023. Minute Entry (April 26, 2023). There is no remaining relief that the Court can grant to Mr. Warner or Mr. Kinnison and the Court concludes that the motion is moot.

### III.   MOTIONS FILED BY RONALD MELE

The Court decides all of Mr. Mele's outstanding motions: Motion to Dismiss Counts 1 & 2, ECF Nos. 230 and 246; Motion to Dismiss Counts 5 & 6, ECF Nos. 231 and 247; Motion to Join Mr. Warner's Motion to Dismiss Count 2, ECF No. 264; and Motion to Join Mr. Warner's Motion to Dismiss Counts 5 & 6, ECF No. 265. The government filed oppositions to the Motion to Dismiss Counts 1 & 2 and the Motion to Dismiss Counts 5 & 6. ECF Nos. 252 and 253. Mr. Mele filed replies. ECF Nos. 262 and 263.

**A. Motion to Dismiss Counts 1 & 2**

Mr. Mele's motion to dismiss counts 1 & 2, ECF No. 246, is **DENIED**. Mr. Mele argues that the Court should dismiss count 1, conspiracy to obstruct an official proceeding in violation of 18 U.S.C. § 1512(k), because the *Fischer* dissent is correct and 18 U.S.C. § 1512(c)(2) is limited to obstructive conduct with respect to a document, record, or other object. Mr. Mele argues that the Court should dismiss count 2, obstruction of an official proceeding in violation of 18 U.S.C. § 1512(c)(2), because Mr. Mele did not have the requisite intent to obstruct or impede the Electoral Count certification. The first argument is foreclosed by *Fischer*. The second argument is inappropriate at the motion to dismiss stage.

18 U.S.C. 1512(c)(2) applies to all forms of corrupt obstruction of an official proceeding, not just obstructive conduct with respect to a document, record, or other object. *Fischer*, 64 F.4th at 336. In *Fischer*, the D.C. Circuit reasoned that the "broad interpretation of the statute— encompassing all forms of obstructive acts—is unambiguous and natural, as confirmed by the ordinary, contemporary, common meaning of the provision's text and structure." *Id.* (internal

12

quotation marks omitted). Mr. Mele makes no attempt to distinguish *Fischer*. Instead, he asserts that the *Fischer* dissent's view is correct. ECF No. 246 at 8. This Court follows *Fischer*. It is binding precedent on this Court and disposes of Mr. Mele's motion.

Additionally, Mr. Mele's predictions regarding the sufficiency of the government's evidence on these counts do not justify dismissal. Mr. Mele is free to move for a judgment of acquittal under Rule 29 at the close of the government's case if the evidence introduced at trial is insufficient to sustain a conviction. But mere predictions that the government's evidence will fall short—predictions and factual allegations the government contests—do not warrant dismissal short of trial. *Baez*, 2023 WL 3846169, at *6; *see also Safavian*, 429 F. Supp. 2d at 161 n.2; *Andries*, 2022 WL 768684, at *8; *Pope*, 613 F.3d at 1259.

### B. Motion to Dismiss Counts 5 & 6

Mr. Mele's motion to dismiss counts 5 & 6, ECF No. 247, is **DENIED**. Mr. Mele argues that the Court should dismiss count 5, entering or remaining in a restricted building or grounds in violation of 18 U.S.C. § 1752(a)(1), and count 6, disorderly or disruptive conduct in a restricted building or grounds in violation of 18 U.S.C. § 1752(a)(2), because prosecution violates his First Amendment right to demonstrate and protest at the Capitol. Mr. Mele does not articulate whether he is challenging Section 1752(a)(1) and (a)(2) under the First Amendment as facially unconstitutional or unconstitutional as applied. Either way, his motion must be denied. Mr. Mele also argues that the bicycle racks and snow fencing erected at the Capitol were insufficient to put Mr. Mele on notice that the Capitol Grounds were restricted. This argument is inappropriate at the motion to dismiss stage.

Construed as a facial challenge, Mr. Mele's First Amendment argument fails because the plain text of Section 1752(a)(1) clearly punishes conduct—unlawfully entering and remaining—

and therefore does not reach a "substantial amount of protected speech." *Baez*, 2023 WL 3846169, at *5 (quoting *United States v. Williams*, 553 U.S. 285, 292 (2008)); *see also Virginia v. Hicks*, 539 U.S. 113, 124 (2003); *United States v. Rhine*, No. 21-cr-687 (RC), 2023 WL 372044, at *11 (D.D.C. Jan. 24, 2023). Mr. Mele's challenge to Section 1752(a)(2) fails for the same reason, as the statute clearly punishes conduct—engaging in disorderly or disruptive conduct that impedes or disrupts the orderly conduct of government business—rather than speech. *Id.* at *7; *Rhine*, 2023 WL 372044, at *11.

Construed as an as-applied challenge, Mr. Mele's First Amendment argument is premature. To resolve an as-applied challenge, the Court must first determine whether Mr. Mele's conduct was merely expressive. On a motion to dismiss, the Court is limited to considering only allegations within the four corners of the indictment. *See Safavian*, 429 F. Supp. 2d at 161 n.2. But to determine whether Mr. Mele's conduct is expressive, the Court must necessarily consider facts outside of the indictment. *See Baez*, 2023 WL 3846169, at *6. This is improper. The Court may not engage in factfinding on a motion to dismiss. *Id.*

Mr. Mele makes several fact-based arguments regarding Mr. Mele's intent and whether the bicycle racks and snow fencing erected at the Capitol were sufficient to put him on notice that the Capitol Grounds were restricted. These arguments do not justify dismissal. Mr. Mele is free to move for a judgment of acquittal under Rule 29 at the close of the government's case if the evidence introduced at trial is insufficient to sustain a conviction. At that time, he can also raise his as-applied First Amendment challenge. But mere predictions that the government's evidence will fall short—predictions and factual allegations the government contests—do not warrant dismissal short of trial. *Id.* at *6; *see also Safavian*, 429 F. Supp. 2d at 161 n.2; *Andries*, 2022 WL 768684, at *8; *Pope*, 613 F.3d at 1259.

14

### C. Motion to Join Mr. Warner's Motion to Dismiss Count 2

Mr. Mele's motion to join Mr. Warner's motion to dismiss count 2, ECF No. 264, is **GRANTED**. It is hereby **ORDERED** that Mr. Mele joins and adopts Mr. Warner's motion to dismiss, ECF No. 223.

### D. Motion to Join Mr. Warner's Motion to Dismiss Counts 5 & 6

Mr. Mele's motion to join Mr. Warner's motion to dismiss counts 5 & 6, ECF No. 265, is **GRANTED**. It is hereby **ORDERED** that Mr. Mele joins and adopts Mr. Warner's motion to dismiss, ECF No. 224.

## IV.  CONCLUSION

For the reasons stated above, it is hereby **ORDERED** that the defendants' motions, joined and adopted by co-defendants, are resolved as follows:

<u>Erik Scott Warner</u>

Motion to Sever (ECF No. 165): **DENIED AS MOOT**

Motion to Vacate (ECF No. 185): **DENIED AS MOOT**

Motion to Dismiss Count 2 (ECF No. 223): **DENIED**

Motion to Dismiss Counts 5 & 6 (ECF No. 224): **DENIED**

Motion for Bill of Particulars on Count 8 (ECF No. 225): **DENIED**

Motion to Preserve Rough Notes of Agents (ECF No. 226): **DENIED**

Motion to Join Mr. Mele's Replies (ECF Nos. 267 and 269): **GRANTED**

<u>Derek Kinnison</u>

Motion to Transfer Venue (ECF No. 172): **DENIED**

Motion to Join Mr. Warner's Motion to Sever (ECF No. 173): **DENIED AS MOOT**

### Ronald Mele

Motion to Dismiss Counts 1 & 2 (ECF Nos. 230 and 246): **DENIED**

Motion to Dismiss Counts 5 & 6 (ECF Nos. 231 and 247): **DENIED**

Motion to Join Mr. Warner's Motion to Dismiss (ECF No. 264): **GRANTED**

Motion to Join Mr. Warner's Motion to Dismiss (ECF No. 265): **GRANTED**

**IT IS SO ORDERED.**

Date: 3/2/23

Royce C. Lamberth
United States District Judge