IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA          Criminal Action No. 21-CR-392-RCL

v.

RONALD MELE

    Defendant.

**DEFENDANT'S MOTION IN LIMINE TO REQUEST TO EXCLUDE CERTAIN IMPROPER CHARACTER EVIDENCE OF DEFENDANT PURSUANT TO FRE 404 (b).**

## I. Introduction

DEFENDANT Ronald Mele, through counsel, hereby moves in limine for an order limiting the government from presenting certain evidence to the jury.

Specifically, defendant seeks an order that:

- *Excludes statements claiming defendant possessed dangerous or deadly weapons on January 6.*
- *Defendant intended to beach the Capitol or commit violent acts on Capitol grounds.*

## II. Procedural History

The superseding indictment charges the defendant with conspiracy to obstruct an official proceeding, in violation of 18 U.S.C. § 1512(k) (Count One); obstruction of an official proceeding in violation of 18 U.S.C. § 1512(c)(2) (Count Two); entering and remaining in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(1) (Count Four); and disorderly and disruptive conduct in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(2) (Count Five).

### III.       Argument

#### a. Extrinsic Character Evidence Not Admissible

Rule 404 (b) excludes evidence 'extrinsic' or 'extraneous' to the crime charged. The defendant was not charged with entering the Capitol building and therefore any mention evidence regarding breaking into the Capitol should be excluded.  Whether to admit FRE 404(b) evidence is within the discretion of the trial judge; however, under *Huddleston v. United States*, 485 U.S. 681 (1988), the court established a four-part test the court must consider in determining whether FRE 404(b) evidence is admissible at trial.

1. Evidence of uncharged crime(s) was offered for a proper purpose, and
2. It was relevant to a disputed trial issue, and
3. Its probative value is substantially outweighed by its possible prejudice; and
4. The Trial Court administered an appropriate limiting instruction.

The defendant believes that the government intends to use evidence that others entered the Capitol building to implicate the defendant.  This is extrinsic evidence that is not relevant to the defendant. The government is trying to show that the others engaged in bad conduct and are therefore bad people so therefore the defendant must be a bad person as well and therefore guilty.

Looking at the four-part test, the other people doing bad things is not relevant to the defendant. The defendant never had any intent to enter the capital and even if he did, without more it is not illegal to have intent. Further, implication, without more has little if any probative value, and any probative value it does have is substantially outweighed by the danger that the evidence will lead to unfair prejudice, create undue delay, misleading the jury, and the presentation of cumulative evidence.

### A. Speculative Character Evidence Lacking a "Good Faith" Basis

The defendant also has reason to believe that the government may attempt to question defense witnesses about alleged wrongdoing which the defendant believes is purely speculative and for which the government has no "good faith basis" to inquire.

Before the government may attempt to impeach a witness by inquiring about specific instances of conduct, they must have a good faith basis to believe that the alleged conduct occurred. *United States v. Whitmore*, 359 F.3d 609, 622 (D.C. Cir. 2004) ("'the general rule . . . is that the questioner must have some facts which support a genuine belief that the witness committed the offense or the degrading act to which the question relates'") (internal citation omitted). If the court determines that the government does not have a good faith basis that misconduct occurred, they may not ask any questions about the misconduct. Moreover, because the mere mention of misconduct can be prejudicial, some courts have held that attorneys should warn the court and opposing counsel at sidebar before cross-examining a witness about alleged misconduct. *See United States v. Schwab*, 886 F.2d 509, 513-14 (2d Cir. 1989) (necessary for attorneys to notify the court in advance if they intend to question witnesses about misconduct under Rule 608(b)).

Accordingly, the defendant seeks an order barring the government from asking questions or making statements about any alleged misconduct not in evidence unless the government first proffer evidence at a sidebar showing a "good faith basis" that misconduct occurred. This order will allow the defendant to object to any questions before irreversible prejudice occurs and allow the court to resolve any dispute outside the presence of the jury.

### IV. Notice of motion to join in motions in limine filed by co-defendants.

Defendant hereby joins and adopts the factual and legal arguments raised by his co-defendants, incorporating by reference the arguments and case law cited in their motions. To the extent that the motions are fact-specific to those defendants, the legal analysis nonetheless applies to the defendant.

V.  **Conclusion**

Accordingly, the defendant requests the Court to order that:

a.  Prevents the government from attempting to introduce extrinsic evidence of specific instances of conduct to imply that the defendant has a bad character.

b.  Prevents the government from attempting to introduce character evidence not related to truthfulness to impeach the defendant and from making statements or asking questions about alleged misconduct by defendant without first proffering evidence showing a good faith basis the misconduct occurred; and

C   Prevents the government from introducing irrelevant evidence, making prejudicial statements, or asking prejudicial questions about the defendant's character.

Respectfully Submitted,

/s/Steven C. Bailey
STEVEN C BAILEY
Attorney for defendant
2535 Kettner Blvd 2A1
San Diego CA., 93101
Tel: (530) 409 0027
steven@baileyandromerolaw.net

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to the Clerk of Court for filing and service on all interested parties on this 18 day of August 2023.

Respectfully submitted,

/s/ Steven C. Bailey
Steven C. Bailey SBN 146382
2535 Kettner Blvd Suit A1
San Diego, CA 92101
Phone (530) 212 3407
Steven@baileyandromerolaw.net