UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RONALD MELE,<br><br>    Defendant. | Case No. 21-cr-392-6 (RCL) |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO STAY SENTENCING**

The United States of America respectfully opposes Defendant Mele's Motion for Stay of Sentencing Pending the U.S. Supreme Court Resolving *Fischer v. United States* During This Session of the Court (ECF No. 411), which is, in effect, a motion to stay his sentencing until at least mid-2024. On December 13, 2023, the United States Supreme Court granted certiorari in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), *cert. granted* 23-5572. The Supreme Court will consider the interpretation of the statute criminalizing obstruction of an official proceeding, 18 U.S.C. § 1512(c)(2), which is one of the crimes for which a unanimous jury convicted the defendant on November 7, 2023. Now, the defendant, who repeatedly called for a mob of rioters to "push" against the police on January 6, calls on this Court to push his sentencing to a later date. But the pending Supreme Court case does not merit a continuance of the sentencing hearing, currently scheduled for April 19, 2024. The Court should deny the motion.

**I.     Background and Procedural History**

On June 9, 2021, a federal grand jury returned an indictment that charged the defendant—along with his five codefendants—with two felony counts (18 U.S.C. §§ 1512(k) (Count One) and 1512(c)(2) (Count Two)) and two misdemeanor counts (18 U.S.C. §§ 1752(a)(1) (Count Three) and 1752(a)(2) (Count Four)). Over two years later, beginning October 12, 2023, the defendant

went to trial on a Second Superseding Indictment charging him with those same four offenses. On November 7, 2023, the jury unanimously found the defendant—and his three codefendants in that trial—guilty on all counts.

On January 2, 2024—weeks after the Supreme Court granted certiorari in *United States v. Fischer*—the Court set an April 19, 2024 sentencing date. The defendant now faces sentencing on all four offenses. On Counts One and Two, the defendant faces a maximum penalty of up to 20 years of imprisonment, up to 3 years of supervised release, a fine of up to $250,000, and a mandatory special assessment of $100. On Courts Three and Four, the defendant faces a maximum penalty of up to 1 year of imprisonment, up to 1 year of supervised release, a fine of up to $100,000, up to 5 years of probation, and a special assessment of $25.

## II.  Legal Standard

When evaluating whether to issue a stay, "a court considers four factors: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The third and fourth factors "merge" when a party moves for a stay against the government. *Id.* at 435. A stay "is not a matter of right, even if irreparable injury might otherwise result." *Id.* at 433 (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)). The party seeking the stay bears the burden of "mak[ing] out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Landis v. North American Co.*, 299 U.S. 248, 255 (1936).

### III. Argument

The defendant's motion should be denied because the relevant factors weigh against his request. First, the fact that the Supreme Court granted certiorari in *Fischer* does not establish that the defendant is likely to succeed on the merits of any challenge to his Section 1512(c)(2) conviction. At this time, a panel of the D.C. Circuit and every district court judge but one has agreed with the government's interpretation of that statute. *See Fischer*, 64 F.4th at 338 ("Although the opinions of those district judges are not binding on us, the near unanimity of the rulings is striking, as well as the thorough and persuasive reasoning in the decisions. . . . The district judge in the instant case stands alone in ruling that § 1512(c)(2) cannot reach the conduct of January 6 defendants."). The mere fact that the Supreme Court agreed to hear *Fischer* does not indicate that those opinions were wrongly decided. *See, e.g.*, *Heath v. Jones*, 941 F.2d 1126, 1131 (11th Cir. 1991) ("[T]he grant of certiorari does not necessarily indicate that the position advocated by Heath has any merit, only that it is an important question."). Moreover, one Circuit judge has explained how, even were the Supreme Court to reverse the Court of Appeals in *Fischer*, defendants who obstructed the certification would still be convicted. *See Brock v. United States*, No. 23-3045 (D.C. Cir. May 25, 2023) (per curiam) (Millet, J., concurring). Were every criminal case stayed while a potentially applicable issue was litigated on appeal in a separate case, the criminal justice system would grind to a halt. The Court recognized as much when it scheduled this case for sentencing *after* the Supreme Court decided to hear the *Fischer* case. *Fischer* and other cases challenging the application of 18 U.S.C. § 1512(c)(2) have been pending for some time, and such developments did not previously merit a broad stay. Nothing has changed by virtue of the Supreme Court's decision to grant certiorari in *Fischer*.

Additionally, it is unlikely that any decision in *Fischer* would be issued by the Supreme Court before the end of its term in June of 2024. That would be nearly three-and-a-half years after the commission of the offenses on which the defendant was convicted, and more than seven months after a jury found the defendant guilty of all charges in November 2023. Delaying the sentencing for additional months would undermine the interests of the public in the timely adjudication of a case of great significance.

A further delay of sentencing for the defendant would also afford him an unfair advantage not granted to other similar January 6 defendants, many of whom were also convicted of obstruction of Congress and whose Guidelines calculations and sentences were heavily influenced by the fact that they were convicted of that offense.

The defendant will not suffer any irreparable injury by proceeding with sentencing as scheduled in April. Even were the Supreme Court to decide *Fischer* adversely to the government, it is not clear that the Court's interpretation of Section 1512(c)(2) would necessarily invalidate the defendant's conviction in this case. And even if it did, the appropriate venue for challenging such a sentence would be a post-sentencing appeal, and not a motion to set aside the verdict. Indeed, a motion for a new trial under Federal Rule of Criminal Procedure 33 would be untimely, as more than 14 days have passed since the verdict in this case, and changes in the law do not constitute newly discovered evidence for purposes of Rule 33(b)(1)'s three-year timing requirement. *See, e.g.*, *United States v. King*, 735 F.3d 1098, 1108–09 (9th Cir. 2013) ("As we held in *United States v. Shelton*, 459 F.2d 1005 (9th Cir. 1972), a change in the law does not constitute newly discovered evidence for purposes of Rule 33."); *United States v. Olender*, 338 F.3d 629, 635 (6th Cir. 2003) ("Newly discovered evidence does not include new legal theories or new interpretations of the legal significance of the evidence."); *United States v. Bailgey*, No. 92-3845, 1994 U.S. App.

LEXIS 29946, at *4 (7th Cir. Oct. 24, 1994) ("A new legal theory does not qualify as newly discovered evidence under Rule 33. . . . We dismiss Bailey's claim as untimely because it does not qualify as newly discovered evidence and it was filed more than seven [now 14] days after his verdict."); *United States v. Blake*, No. 10 CR 349(RPP), 2011 WL 3463030, at *5 (S.D.N.Y. Aug. 5, 2011) ("New legal arguments are not considered newly discovered evidence under Rule 33. . . . Therefore, according to Rule 33, such claims must be brought within fourteen days after the verdict."). The defendant "stands in no different position than any other criminal defendant who loses a pretrial motion attacking an indictment on the ground that the underlying criminal statute is unconstitutional. The district court's order in such a case . . . would be fully reviewable on appeal should the defendant be convicted." *United States v. Cisneros*, 169 F.3d 763, 768–69 (D.C. Cir. 1999).

Moreover, obstruction of Congress was not the defendant's only conviction. The defendant will also be sentenced for entering and remaining in a restricted building or grounds and disorderly or disruptive conduct in a restricted building or grounds under 18 U.S.C. §§ 1752(a)(1) and 1752(a)(2), respectively, both of which are outside the scope of the *Fischer* appeal.[1] Assuming that the Court permits the defendant to self-report approximately 60 to 90 days after sentencing in April, it is likely his reporting date would be only weeks ahead of the Supreme Court's decision in *Fischer*, if at all. Even if the Supreme Court issues an adverse ruling to the government's position, and the defendant were to be sentenced on only the § 1752(a)(1) and § 1752(a)(2) offenses, the United States maintains that his Guidelines range would be at least 6–12 months

---

[1] The United States does not dispute here that a ruling in *Fischer* regarding Section 1512(c)(2) may similarly implicate Section 1512(k) in this case.

5

(based on offense level 10 and Criminal History Category 1). Accordingly, it is unlikely that the defendant would have served his full sentence on just the § 1752 convictions by mid-June.

And if it does somehow happen that the defendant serves his full sentence on the remaining counts of conviction before the Supreme Court resolves *Fischer*, any potential irreparable injury to the defendant can be addressed via a motion for release pending appeal under 18 U.S.C. § 3143(b). *See, e.g.*, *United States v. Donovan Crowl,* 21-cr-208 (APM) Dec. 20, 2023 Minute Order (denying motion to stay sentencing pending ruling in *Fischer* and noting that defendant also set to be sentenced for violation of 18 U.S.C. § 231(a)(3)). Under that statute, a defendant who has been sentenced to a term of imprisonment "shall . . . be detained" unless the court finds that two separate requirements are met:

> (1) "clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released," and
> (2) that the appeal "raises a substantial question of fact or law likely to result in—(i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."

18 U.S.C. § 3143(b)(1)(A)–(B). A "substantial question" is one that is "a close question or one that very well could be decided the other way." *United States v. Peholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987). Although the government would likely oppose such a motion, the possibility for release pending appeal is another factor favoring denial of the defendant's motion to stay. The Bail Reform Act—not a stay of the proceedings—is the proper mechanism under which to address any potential prejudice to the defendant.

IV. **Conclusion**

For all these reasons, the defendant's motion to stay sentencing should be denied, and the Court should proceed with sentencing on April 19, 2024.[2]

                                    Respectfully submitted,

                                    MATTHEW M. GRAVES
                                    United States Attorney
                                    D.C. Bar No. 481052

BY:                 */s/ Anthony W. Mariano*
                        ANTHONY W. MARIANO, MA Bar No. 688559
                        JASON M. MANNING, NY Bar No. 4578068
                        TERENCE A. PARKER, NY Bar No. 5775192
                        Trial Attorney, Detailees
                        Capitol Siege Section
                        United States Attorney's Office
                        for the District of Columbia
                        601 D Street N.W.
                        Washington, DC 20530
                        (202) 476-0319
                        Anthony.Mariano2@usdoj.gov
                        (202) 514-6256
                        Jason.Manning@usdoj.gov
                        (202) 803-1600
                        Terence.Parker3@usdoj.gov

---

[2] To the extent any of the Mele's codefendants file similar motions or seek to join his motion, the United States opposes any such motion on the same grounds, and asks that the Court consider this filing in response. In addition, the United States notes that Defendants Warner and Kinnison were both convicted of an additional felony count under 18 U.S.C. § 1512(c)(1), which is not implicated by *Fischer*.